

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No.: 25-00076<br>Chapter 7 |
| OLIVIA MANUTALA'A<br>FATONGIA, | |
| Debtor. | Related: ECF 27 |

## ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY

The question presented is whether the court may extend the automatic stay to a non-debtor co-defendant after the debtor's discharge. The answer is no.

Accordingly, I will DENY the motion to extend the automatic stay.

## I. Procedural Background

1

Olivia Manutala'a Fatongia filed a chapter 7 petition on January 29, 2025.[1] No one filed a timely complaint objecting to Ms. Fatongia's discharge or for a determination of the dischargeability of the debt. Accordingly, Ms. Fatongia received a bankruptcy discharge on May 8, 2025.[2]

In the meantime, while Ms. Fatongia's bankruptcy case was pending and before the bankruptcy court entered the discharge, Linda Hamilton and Vaughn Sweat (the "Homeowners") commenced a state court action ("Lawsuit") naming P2 Contractors, a sole proprietorship owned by Ms. Fatongia, and PV Maunawili Summit, LLC, Peter H. Cooper, PacVentures, Inc. (collectively, "Co-Defendants"), among others.[3] The Lawsuit alleged that the Homeowners' property was damaged after the defendants' roadway-grading work caused a landslide.[4]

Ms. Fatongia's did not list the Homeowners or the Co-Defendants as

---

[1] ECF 1.
[2] ECF 15.
[3] Civil No. 1CCV-25-0000608.
[4] ECF 29 at 8.

creditors in her initial bankruptcy filing.[5] On June 23, 2025, less than three months after the Lawsuit was filed, Debtor filed an amended list of creditors that added the Homeowners, the Co-Defendants, and others.[6] Upon that filing, the Co-Defendants received notice of Ms. Fatongia's bankruptcy case.

On September 17, 2025, the Co-Defendants filed a Motion to Extend the Automatic Stay ("Motion").[7] The Co-Defendants assert that because the Homeowners seek to hold them liable for Ms. Fatongia's actions, any finding against them would impose liability on Ms. Fatongia in violation of the automatic stay.[8]  The Co-Defendants argue that the stay should be extended to them because Ms. Fatongia's property interests are "indirectly implicated" by the claims in the Homeowners' Lawsuit.[9]

In opposition to the Motion ("Opposition"), the Homeowners allege that, after good-faith discussions with Ms. Fatongia and her counsel, they

---

[5] *Id.*
[6] ECF 18.
[7] ECF 27.
[8] *Id.* at 7.
[9] *Id.*

believe Ms. Fatongia and P2 Contractors have no connection to the claims in the Lawsuit.[10] They further assert that Co-Defendants have no relationship to Ms. Fatongia, and allowing the case to proceed against Co-Defendants does not threaten Ms. Fatongia's bankruptcy estate.[11] The Homeowners state that they have filed a notice in state court dismissing all claims against Ms. Fatongia with prejudice, and that dismissal is pending the state court's approval.[12]

The Co-Defendants, in their reply to the Opposition, reiterated their claims that a finding of liability against them would implicate Ms. Fatongia and that the Homeowners' proposed dismissal of Ms. Fatongia from the Lawsuit would violate the automatic stay.[13]

## II.    Discussion

The automatic stay of section 362 is a fundamental protection for debtors under the Bankruptcy Code. Its purpose is to give the debtor

---

[10] ECF 35 at 5.
[11] *Id.* at 9.
[12] *Id.* at 7.
[13] ECF 36 at 2.

U.S. Bankruptcy Court - Hawaii   #25-00076   Dkt # 42   Filed  11/05/25   Page 4 of 11

breathing space while ensuring the fair treatment of all creditors in a single forum.[14] The stay applies to any "action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . ."[15] It prevents creditors from starting or continuing actions against a debtor or the debtor's property.

Upon the filing of a bankruptcy petition, the automatic stay takes effect regardless of notice.[16] The filing of Ms. Fatongia's bankruptcy petition on January 29, 2025, triggered the automatic stay against all creditors, even though the Homeowners and the Co-Defendants did not receive notice until a few months later.[17]

Section 362(a) makes clear that the automatic stay protects only the debtor, the debtor's property, and property of the estate. The Ninth Circuit has consistently held that the automatic stay does not apply to actions

---

[14] *See Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (holding that the automatic stay does not protect the property of non-debtors when those claims do not affect the bankruptcy estate).
[15] § 362(a)(1).
[16] *Elbar Invs., Inc. v. Prins (In re Okedokun)*, 968 F.3d 378, 386 (5th Cir. 2020) (noting that "the stay is not a judicial injunction that depends on notice; rather the stay is effective upon the filing of the case, regardless of notice").
[17] ECF 1.

U.S. Bankruptcy Court - Hawaii   #25-00076   Dkt # 42   Filed  11/05/25   Page 5 of 11

against non-debtors, including non-debtor co-defendants of the debtor.[18]

## A. The Stay Terminates After Discharge

The automatic stay does not continue indefinitely. Section 362(c)(2)(C) provides that the automatic stay terminates in a chapter 7 case commenced by an individual when the debtor's discharge is granted or denied.

As soon as Ms. Fatongia received a discharge under section 727(a) on May 8, 2025,[19] the automatic stay terminated. Accordingly, the court must deny the Motion because there is no automatic stay left to extend.[20]

## B. The Co-Defendants Did Not Comply with Procedures Required to Seek Injunctive Relief

There is no statutory basis to "extend" the automatic stay to protect non-debtors. In limited circumstances, a non-debtor might be able to obtain an injunction under section 105(a) that is similar to the automatic stay.[21]

---

[18] *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1095 (9th Cir. 2007) (noting that the automatic stay does not apply to suits against non-debtors); *Boucher v. Shaw*, 572 F.3d at 1092 (stating that "as a general rule, the automatic stay protects *only* the debtor, property or property of the estate").

[19] ECF 15.

[20] *See In re Munoz*, 287 B.R. 546, 551 (B.A.P. 9th Cir. 2002) (stating that "the existence of a discharge means that there is no automatic stay from which relief may be granted . . . .").

[21] *In re Excel Innovations, Inc.*, 502 F.3d at 1094 (stating that "the proper standard for granting a § 105(a) preliminary injunction staying an action against a non-debtor is an issue of first impression" in the Ninth Circuit)

Section 105(a) provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This empowers the bankruptcy court to enjoin actions that are not subject to section 362(a) but "threaten the integrity of the bankrupt's estate."[22]

To obtain such an injunction, the moving party must file a complaint to commence an adversary proceeding under Fed. R. Bankr. P. 7001(g), rather than a motion under Fed. R. Bankr. P. 9014. Thereafter, the moving party must satisfy the usual preliminary injunction standard under section 105(a).[23] Here, Co-Defendants did not file a complaint to commence an adversary proceeding. This alone is a sufficient basis to deny the motion.

### C. Generally, the Stay Does Not Apply to Non-Debtors

Even if the automatic stay were still in effect and the Co-Defendants had filed the required complaint, "extending" it to protect the Co-Defendants would be unwarranted. Courts grant such relief only in

---

[22] *Id.* at 1093 (quoting *In re Canter*, 299 F.3d 1150, 1155 (9th Cir. 2002) (internal quotation marks omitted)).
[23] In addition to meeting the pleading requirements of Fed. R. Bankr. P. 7008, the movant must address the debtor's reasonable likelihood of successful reorganization, the relative hardship of the parties, and any public interest concerns. *In re Excel Innovations, Inc.*, 502 F.3d at 1096.

7

exceptional circumstances, such as when a third party's actions would interfere with the debtor's reorganization efforts in a chapter 11 case.[24] Ms. Fatongia's case is a chapter 7 liquidation, where reorganization does not occur.

The Co-Defendants argue that any findings or conclusions against them in the Lawsuit would effectively establish their claims against Ms. Fatongia. This is probably false. The Co-Defendants offer no reason to think that they are in privity with Ms. Fatongia such that a decision against them would bind Ms. Fatongia under claim or issue preclusion or similar doctrines.

### D. The Discharge Applies Only to the Debtor

There is no basis to "extend" the discharge to protect the Co-Defendants. Like the automatic stay, the discharge does not apply to non-debtors under section 524(e). Subject to exceptions not applicable here, section 524(e) provides that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity

---

[24] *See In re Excel Innovations, Inc.*, 502 F.3d 1092.

U.S. Bankruptcy Court - Hawaii   #25-00076   Dkt # 42   Filed 11/05/25   Page 8 of 11

for, such debt." The discharge does not absolve a non-debtor's obligations for the same debt.[25]

### E. Dismissal of Claims Against Ms. Fatongia is Not a Violation of the Stay

Co-Defendants incorrectly assert that the Homeowners' proposed dismissal of Ms. Fatongia from the Lawsuit is a violation of the automatic stay.[26] They are mistaken.

First, the dismissal could not violate the automatic stay because the stay terminated when the discharge was entered.

Second, even if the stay remained in effect, the Homeowners' dismissal of Ms. Fatongia from the lawsuit would not violate the stay under section 362(a). The automatic stay prevents (among other things) the "continuation" of an action against a debtor. The dismissal of a lawsuit, however, is a discontinuation (not a continuation) of an action. Ms. Fatongia's dismissal from the Lawsuit could not constitute a stay violation. Instead, dismissing Ms. Fatongia from the Lawsuit would terminate any

---

[25] *Id.* at 1083.
[26] ECF 36 at 2.

U.S. Bankruptcy Court - Hawaii   #25-00076   Dkt # 42   Filed  11/05/25   Page 9 of 11

possibility of adjudicating liability against her, having the opposite effect of a stay violation under section 362(a).

The case cited by the Co-Defendants, *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754 (9th Cir. 1995), has no application here. In *Dean*, the debtor's dismissal violated the stay because the dismissal would have required the court to make other determinations about the debtor's liability.[27] In this case, the state court could approve the Homeowners' proposed dismissal without making any determinations at all.

Third, there is no discharge violation. Under section 524(a), a discharge operates as "an injunction against the commencement or continuation" of any act to collect, recover, or offset a discharged debt as a personal liability of the debtor. The dismissal of a lawsuit does not violate this injunction because it does not commence or continue a lawsuit and is not an attempt to collect on a discharged debt. Rather, as noted above, dismissing the complaint *discontinues* and terminates the action against Ms.

---

[27] *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding post-dismissal improper where court must first resolve underlying issues).

Fatongia and relieves her of liability.

**III.    Conclusion**

IT IS HEREBY ORDERED that the motion to extend the automatic

stay is DENIED.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #25-00076   Dkt # 42   Filed  11/05/25   Page 11 of 11